52 P.3d 218

**The STATE of Arizona, Petitioner,**

v.

**Hon. Howard FELL, Judge Pro Tempore of the Superior Court of the State of Arizona, in and for the County of Pima, Respondent,**

**and**

**Gayle Ilene Waldstein, Real Party in Interest.**

**No. 2 CA–SA 2002–1148.**

Court of Appeals of Arizona, Division 2, Department B.

Aug. 22, 2002.

Review Denied Feb. 11, 2002.

---

4. In light of our holding on this issue, we do not address the other grounds for affirmance asserted by Tempe.

Barbara LaWall, Pima County Attorney, By Amy Pignatella Cain, Tucson, Attorneys for Petitioner.

Klausner/Resnick & Associates, P.C., By Mark R. Resnick, Tucson, Attorneys for Real Party in Interest.

*OPINION*

PELANDER, J.

¶ 1 In this special action, petitioner State of Arizona asks us to decide whether the respondent judge erred in ruling that the real party in interest Gayle Waldstein could use the necessity defense, codified in A.R.S. § 13–417, to defend against charges filed under Title 28, specifically, driving while under the influence of an intoxicant (DUI). Because this is a purely legal question of first impression in Arizona and because the state has no equally plain, speedy, and adequate remedy by appeal, *see* A.R.S. § 22–375 and Rule 1(a), Ariz.R.P. Special Actions, 17B A.R.S., we accept jurisdiction of this special action. *See State v. Superior Court,* 195 Ariz. 555, ¶ 7, 991 P.2d 258, ¶ 7 (App.1999). We conclude that the necessity defense does not apply to criminal offenses defined outside Title 13. Because we find the respondent judge erred as a matter of law in concluding otherwise, we grant relief. *See id.* at ¶¶ 13, 15, 991 P.2d 258; Ariz.R.P. Special Actions 3.

¶ 2 The underlying facts apparently are undisputed, at least for purposes of this special action.[1] On the night in question, Waldstein's husband left the couple's home after he had allegedly assaulted her. Fearing for her safety if her husband returned, Waldstein drove away in her car. She subsequently was stopped, arrested, and charged with DUI in violation of A.R.S. § 28–1381(A)(1). Her first trial, held in Pima County Justice Court, ended in a mistrial. Before her second trial began, Waldstein filed a motion in limine, requesting that she be permitted to argue at trial that she had necessarily driven away from her home because of concern for her safety. The justice court granted her motion, reasoning that, because the necessity defense applies to Title 13 offenses, which generally are more serious than DUI offenses, it also must apply to the latter. After the justice court stayed the trial, the state petitioned for special action relief in superior court. In denying relief and affirming the justice court's ruling, the respondent judge ruled that "the justification defense can be used to defend against an offense defined in Title 28." The state then filed its petition for special action in this court.

¶ 3 Section 13–417(A) provides: "Conduct that would otherwise constitute an offense is justified if a reasonable person was compelled to engage in the proscribed conduct and the person had no reasonable alternative to avoid imminent public or private injury greater than the injury that might reasonably result from the person's own conduct." Section 13–401(B), A.R.S., entitled "Unavailability of justification defense; justification as defense," provides: "Except as provided in subsection A [justification defense unavailable in prosecution for reckless injury or killing of innocent third person], justification, as defined in this chapter, is a defense in any prosecution for an offense *pursuant to this title.*" (Emphasis added.) Section 13–

---

1. Although the state contends the evidence is insufficient to support a necessity defense or jury instruction thereon, the state concedes that issue is not "ripe for appellate review at this time."

102(D), A.R.S., entitled "Applicability of title," provides: "Except as otherwise expressly provided, or unless the context otherwise requires, the provisions of this title shall govern the construction of and punishment for any offense defined outside this title."

¶ 4 Waldstein contends § 13–102(D) controls here, permitting her to pursue a necessity defense. In contrast, the state contends § 13–401(B) limits the defense to Title 13 offenses, precluding a DUI defendant charged under Title 28 from raising a necessity defense.

¶ 5 In denying the state's petition for special action, the respondent judge essentially ruled that § 13–102(D) prevails over § 13–401(B), relying primarily on the so-called rule of lenity set forth in A.R.S. § 13–104. That statute provides: "The general rule that a penal statute is to be strictly construed does not apply to this title, but the provisions herein must be construed according to the fair meaning of their terms to promote justice and effect the objects of the law, including the purposes stated in § 13–101." The judge concluded that applying the necessity defense to a Title 28 offense "effectuate[s] the . . . 'fair meaning of [§§ 13–401 and 13–417] and . . . promote[s] justice'" by permitting "juries to excuse the otherwise illegal conduct of individuals by finding their conduct justified." He also noted that "[t]here is no indication in either Title 13 or Title 28 that the legislature intended justification to be a defense only in Title 13 crimes."

¶ 6 The interpretation of statutes is a question of law subject to our de novo review. *Norgord v. State ex rel. Berning,* 201 Ariz. 228, ¶ 4, 33 P.3d 1166, ¶ 4 (App. 2001). In construing a statute, our primary goal is to discern and give effect to the legislature's intent. *Id.* at ¶ 7, 33 P.3d 1166. We first examine the plain language of the statute and, if it is unclear, then consider other factors such as the statute's context, history, subject matter, effects and consequences, spirit, and purpose. *Id.* We also seek to harmonize related statutes and "aim to achieve consistency among them" within the context of the overall statutory scheme. *Bills v. Arizona Property & Cas. Ins. Guar.*

*Fund,* 194 Ariz. 488, ¶ 18, 984 P.2d 574, ¶ 18 (App.1999).

¶ 7 Waldstein argues that, although § 13–401(B) does not specifically extend application of the necessity defense outside Title 13, it does not expressly preclude that extension. She also asserts that the frequent cross-application of Title 13 sentencing provisions to Title 28 supports the respondent judge's ruling that the justification defenses apply outside Title 13. Our review of the statutory scheme and relevant case law leads us to disagree. Although Waldstein is correct that § 13–401(B) does not expressly state that justification defenses apply *only* to "any prosecution for an offense pursuant to [Title 13]," that is the statute's clear import. "'What a statute necessarily implies is as much a part of the statute as what the statute specifically expresses.'" *State v. Huskie,* 202 Ariz. 283, ¶ 8, 44 P.3d 161, ¶ 8 (App.2002), *quoting Guzman v. Guzman,* 175 Ariz. 183, 187, 854 P.2d 1169, 1173 (App.1993); *see also Piper v. Bear Medical Systems, Inc.,* 180 Ariz. 170, 176, 883 P.2d 407, 413 (App.1993).

¶ 8 Neither § 13–102(D) nor § 13–104 supports the application of Title 13 justification defenses to Title 28 offenses. With certain qualifications, § 13–102(D) provides that Title 13 "shall govern the construction of and punishment for any offense defined outside this title." The issue here, however, involves neither "the construction of" nor the "punishment for" a DUI offense under § 28–1381(A)(1). Rather, the issue is whether a necessity defense under § 13–417(A) may be invoked in a DUI case. Thus, that our supreme court has held the sentence enhancement provisions of A.R.S. § 13–604 applicable to Title 28 felonies is totally consistent with § 13–102(D) but wholly irrelevant to the issue before us. *See State v. Campa,* 168 Ariz. 407, 410, 814 P.2d 748, 751 (1991) ("The general sentencing provisions of the criminal code, therefore, apply to *all* crimes, whether defined in Title 13 or elsewhere.").

¶ 9 Moreover, § 13–102(D) states that it applies, "[e]xcept as otherwise expressly provided." But, as noted above, § 13–401(B) "otherwise expressly provide[s]" that "justification, as defined in this chapter, is a defense in any prosecution for an offense pursuant to

this title." Because we believe the language "this title" reflects a clear legislative intent to limit application of the justification defenses to Title 13, no further inquiry is required.[2] *See Norgord; see also Hughes v. Jorgenson,* 203 Ariz. 71, ¶ 11, 50 P.3d 821 (2002).

¶ 10 The respondent judge's reliance on the rule of lenity in § 13–104, therefore, is misplaced. That rule applies when a statute is ambiguous and dictates that any doubt about statutory construction be resolved in favor of a defendant. *State v. Pena,* 140 Ariz. 545, 550, 683 P.2d 744, 749 (App.1983), *aff'd,* 140 Ariz. 544, 683 P.2d 743 (1984); *see also Hughes,* 203 Ariz. 71, ¶ 19, 50 P.3d 821. Because § 13–401(B) is not ambiguous, the rule of lenity does not apply. *State v. Calderon,* 171 Ariz. 12, 14, 827 P.2d 473, 475 (App.1991); *see State v. Nihiser,* 191 Ariz. 199, 201, 953 P.2d 1252, 1254 (App. 1997).

¶ 11 But, even if construction of § 13–401(B) were necessary, the result is unchanged. Under the established rule of statutory construction, *expressio unius est exclusio alterius,* "'the expression of one or more items of a class indicates an intent to exclude all items of the same class which are not expressed.'" *State v. Roscoe,* 185 Ariz. 68, 71, 912 P.2d 1297, 1300 (1996), *quoting Pima County v. Heinfeld,* 134 Ariz. 133, 134, 654 P.2d 281, 282 (1982); *see also Champlin v. Sargeant,* 192 Ariz. 371, ¶ 16, 965 P.2d 763, ¶ 16 (1998). That rule is not a definitive or "invariable standard of interpretation." *Lou Grubb Chevrolet v. Industrial Comm'n,* 171 Ariz. 183, 190, 829 P.2d 1229, 1236 (App. 1991). But, "if a statute specifies under what conditions it is effective, we can ordinarily infer that it excludes all others." *PAM Transport v. Freightliner Corp.,* 182 Ariz. 132, 133, 893 P.2d 1295, 1296 (1995). Because non-Title 13 offenses such as DUI are not listed in § 13–401(B) as crimes to which a justification defense might apply, "it follows that the legislature did not intend [their] inclusion within the . . . category" of offenses

to which a justification defense may be invoked. *Champlin,* 192 Ariz. 371, ¶ 16, 965 P.2d 763, ¶ 16.

¶ 12 Waldstein does not cite, nor have we found, any Arizona case in which a justification defense has been used to defend against a non-Title 13 charge. She does cite two cases, however, to show that other jurisdictions have permitted a necessity defense in DUI matters. In *Reeve v. State,* 764 P.2d 324, 326 (Alaska Ct.App.1988), the appellate court affirmed the defendant's DUI conviction, finding insufficient evidence to support her requested jury instruction on the necessity defense. And, although the court in *State v. Olson,* 79 Or.App. 302, 719 P.2d 55, 57 (1986), vacated the defendant's DUI conviction after finding sufficient evidence to support a "choice of evils" defense, the court remanded the case to the trial court to determine whether the state had disproved the defense beyond a reasonable doubt. We do not find these two cases persuasive in view of the relevant Arizona statutes. Significantly, in contrast to § 13–401(B), neither the Alaska nor the Oregon statutes limit the use of a justification defense to a particular category of non-DUI offenses. *See* Alaska Stat. §§ 11.81.300, 11.81.320 (LexisNexis 2002); Or.Rev.Stat. §§ 161.190, 161.200 (2001).

¶ 13 Unlike other states, Arizona has no common law defense of necessity. Rather, A.R.S. § 13–103(A) states: "All common law offenses and affirmative defenses are abolished. No conduct or omission constitutes an offense or an affirmative defense unless it is an offense or an affirmative defense under this title or under another statute or ordinance." *See also* A.R.S. § 1–201 (common law constitutes rule of decision in Arizona state courts, but only if "not repugnant to or inconsistent with the . . . laws of this state"). And, because the legislature has not seen fit to extend justification defenses, including the necessity defense, to Title 28 offenses, Waldstein's public policy arguments on why they should be extended are misdirected. The

---

2. We summarily reject Waldstein's contention that the necessity defense contained in § 13–417 is not a justification defense merely because it does not contain the word "justification" in its title, as do most of the other defenses listed in chapter 4 of Title 13. All the defenses listed in

that chapter, including the necessity defense, fall under the chapter 4 heading, "Justification." Moreover, § 13–417(A) describes conduct that "is justified," thus supporting a necessity defense.

legislature, not this court, makes that determination. *See Vo v. Superior Court*, 172 Ariz. 195, 204–05, 836 P.2d 408, 417–18 (App. 1992) ("Arizona is a 'code state,' and ... we cannot consider the wisdom or soundness of policy of legislative enactments, because such matters are clearly addressed to the legislature, not to the courts.").

¶ 14 Because we conclude that the respondent judge erred in ruling that the necessity defense in § 13–417 applies to a DUI charge under Title 28, we reverse his order.

CONCURRING: J. WILLIAM BRAMMER, JR., Judge, and M. JAN FLÓREZ, Judge.