IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

| | | |
|---|---|---|
| THE STATE OF ARIZONA, | ) | |
| | ) | 2 CA-CR 2003-0267 |
| Appellee, | ) | DEPARTMENT A |
| | ) | |
| v. | ) | O P I N I O N |
| | ) | |
| STANLEY THOMAS TYSZKIEWICZ, | ) | |
| | ) | |
| Appellant. | ) | |
| | ) | |

APPEAL FROM THE SUPERIOR COURT OF PIMA COUNTY

Cause No. CR-54607

Honorable Edgar B. Acuña, Judge

AFFIRMED

Terry Goddard, Arizona Attorney General
  By Randall M. Howe and Alan L. Amann                                Tucson
                                                       Attorneys for Appellee


Susan A. Kettlewell, Pima County Public Defender
  By Brian X. Metcalf and David McCallum, a student
    certified pursuant to Rule 38, Ariz. R. Sup. Ct.,
    17A A.R.S.                                                       Tucson
                                                      Attorneys for Appellant


E C K E R S T R O M, Judge.

**¶1** Appellant Stanley Thomas Tyszkiewicz was convicted after a jury trial of two counts of aggravated driving under the influence of an intoxicant (DUI), sentenced to a four-month term of imprisonment, and placed on probation for concurrent, five-year terms. He claims that the trial court erred by admitting his breath test results without satisfying the foundational requirements set forth in former A.R.S. § 28-695(A)(4)[1] and that the state did not present sufficient evidence of his time of driving to support his conviction under former A.R.S. § 28-692(A)(1) and (2). *See* 1990 Ariz. Sess. Laws, ch. 375, § 8. We affirm.

**¶2** We view the facts in the light most favorable to sustaining the conviction. *State v. Brown*, 207 Ariz. 231, ¶ 2, 85 P.3d 109, 111 (App. 2004). Tucson Police Officer Gomez was dispatched to the scene of a motor vehicle accident on September 24, 1996. Tyszkiewicz's vehicle was in the street and the other vehicle involved in the collision was in a nearby parking lot. Gomez asked Tyszkiewicz to move his vehicle into the same parking lot, a distance of approximately fifty feet. Tyszkiewicz complied with that request. When asked for his license and registration, Tyszkiewicz produced a driver's permit. As Gomez investigated the collision, he noticed that Tyszkiewicz had bloodshot, watery eyes, and an odor of alcohol was emanating from around his face. Gomez asked if Tyszkiewicz had been drinking, and Tyszkiewicz replied that he had consumed two beers. Gomez then asked him

---

[1]The foundational requirements that existed in § 28-695(A)(4) at the time Tyszkiewicz committed the offenses were added in 1983 as § 28-692.03(A)(4). *See* 1983 Ariz. Sess. Laws, ch. 279, § 8. That section was later renumbered as § 28-695(A)(4). *See* 1990 Ariz. Sess. Laws, ch. 375, § 11.

to perform some field sobriety tests and Tyszkiewicz agreed. At the conclusion of those tests, after reading Tyszkiewicz the *Miranda*[2] warning and asking him some further questions, Gomez placed him under arrest for DUI.

¶3 Officer Aussems arrived at the scene and administered breath testing with an Intoxilyzer machine. Tyszkiewicz provided two breath samples, which, according to the machine, correlated to a blood alcohol concentration (BAC) of .176 and .162. The Arizona Motor Vehicle Division (MVD) custodian of records testified at trial that Tyszkiewicz's driver's license had been indefinitely suspended at the time of the collision.

## INTOXILYZER RESULTS

¶4 Tyszkiewicz argues that the breath test results were improperly admitted into evidence because Aussems failed to comply with the Department of Health Services (DHS) checklist pursuant to former A.R.S. § 28-695(A)(4). Specifically, he claims that the DHS checklist required that Aussems observe Tyszkiewicz for a fifteen-minute period before administering the test and that this requirement was not met because Aussems testified that Gomez performed the initial part of the observation. We must therefore determine whether former A.R.S. § 28-695(A)(4) requires that one officer conduct the entire observation.

¶5 We review *de novo* questions of statutory interpretation. *See State v. Siner*, 205 Ariz. 301, ¶ 8, 69 P.3d 1022, 1024 (App. 2003). "In construing a statute, our primary goal is to discern and give effect to the legislature's intent. We first examine the plain language

---

[2]*Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

3

of the statute and, if it is unclear, then consider other factors such as the statute's context, history, subject matter, effects and consequences, spirit, and purpose." *State v. Fell*, 203 Ariz. 186, ¶ 6, 52 P.3d 218, 220 (App. 2002) (citation omitted).

¶6        The provision at issue, former § 28-695(A)(4), requires the state to show the following before the results of a breath test may be admitted into evidence:  "The operator who conducted the test followed an operational checklist approved by the department of health services for the operation of the device used to conduct the test.  The testimony of the operator is sufficient to establish this requirement."  The pertinent portion of the checklist states, "[i]mmediately preceding the administration of the tests, the subject underwent a 15-minute deprivation period from ____ to ____ by _____."  Ariz. Admin. Code Tit. 9, ch. 14, art. 4, ex. X.

¶7        We agree with the state that nothing in the plain language of either the statute or the DHS regulations required that Aussems personally supervise the entire deprivation period.  To the contrary, the regulation's use of the passive voice and the request for the name of the observer after the operator has previously signed his or her name are clear indications that the operator need not be the same person as the observer.  Moreover, Tyszkiewicz has not explained how a deprivation period conducted sequentially by two officers would be inferior to a deprivation period conducted wholly by one officer in securing a scientifically reliable breath test.

4

¶8    Tyszkiewicz also argues that the state did not lay adequate foundation that Gomez had actually conducted the first portion of the deprivation period. Aussems testified generally that he had complied with the applicable DHS checklist and specifically that Gomez had supervised the first portion of the deprivation period. According to the plain language of the statute, such testimony would be sufficient to satisfy former § 28-695(A)(4). But, because Aussems testified that he was not yet at the scene of the investigation when Gomez would have been overseeing the first part of the deprivation period, such testimony was clearly based on hearsay. Although Gomez himself testified, the state never elicited that he had overseen any part of the deprivation period.

¶9    But Tyszkiewicz raised no hearsay objection to that portion of Aussems's testimony avowing that Gomez had supervised the first portion of the deprivation period. Rather, Tyszkiewicz merely objected that the breath test should be inadmissible because Aussems did not have "personal knowledge" that Gomez had overseen the deprivation period, a complaint that did not seek the preclusion of Aussems's testimony but which challenged the sufficiency of that evidence. Thus, Tyszkiewicz's broader challenge to admissibility of the breath test was not adequate to raise or preserve a hearsay challenge to Aussems's testimony. *See State v. Tarango*, 182 Ariz. 246, 250, 895 P.2d 1009, 1113 (App. 1994) (objection to evidence on one ground not sufficient to preserve objection to evidence on another ground), *aff'd*, 185 Ariz. 208, 914 P.2d 1300 (1996). Because Aussems testified generally that Gomez had overseen the first portion of the deprivation period and because

5

that testimony was admitted without objection, the state presented adequate evidence that it had complied with the foundational requirements of former § 28-695(A)(4).

## TIME OF DRIVING

¶10      Tyszkiewicz argues that the state failed to prove the second element of the offense, that he had a BAC of .10 or more *within two hours* of driving his vehicle because there was no appropriate evidence presented that he had had actual physical control of his vehicle any time in the two hours before he had submitted to the breath test.  Former § 28-692(A)(2) (emphasis added).  When reviewing the sufficiency of the evidence to support a criminal conviction, we determine whether the evidence could reasonably support a finding of guilt beyond a reasonable doubt.  *See Jackson v. Virginia*, 443 U.S. 307, 318-19, 99 S. Ct. 2781, 2788-89, 61 L. Ed. 2d 560, 573 (1979).  "[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319, 99 S. Ct. at 2789, 61 L. Ed. 2d at 573.

¶11      Aussems administered the breath tests at 7:09 p.m. and 7:15 p.m.  Therefore, the state was required to present evidence that Tyszkiewicz had driven his vehicle at 5:09 p.m. or later to convict him of the offense.  Although Tyszkiewicz essentially concedes that he drove within the two-hour time frame when he moved his vehicle at the request of Gomez, he asserts that it would be a violation of his due process rights to penalize him for complying

6

with an officer's instructions. We review constitutional questions *de novo*. *See State v. Rosengren*, 199 Ariz. 112, ¶ 9, 14 P.3d 303, 307 (App. 2000).

¶12      At the outset, nothing in Title 28 suggests that a defendant is entitled to immunity from prosecution merely because the defendant committed the underlying criminal act at the direction of a law enforcement officer. Although A.R.S. § 13-402(B)(2) provides an affirmative defense to defendants who maintain that they reasonably believed that their illegal actions were authorized to assist officers in the performance of their duties, Tyszkiewicz did not raise that defense at trial. *But see State v. Fell*, 203 Ariz. 186, ¶ 1, 52 P.3d 218, 219 (App. 2002) (Title 13 defenses not necessarily applicable to Title 28 offenses).

¶13      "The touchstone of due process under both the Arizona and federal constitutions is fundamental fairness." *State v. Melendez*, 172 Ariz. 68, 71, 834 P.2d 154, 157 (1992). "[W]here a defendant has reasonably relied upon affirmative assurances that certain conduct is lawful, when those assurances are given by a public officer or body charged by law with responsibility for defining permissible conduct with respect to the offense at issue[, t]he defense is a due process defense." *Miller v. Commonwealth*, 492 S.E.2d 482, 486-87 (Va. Ct. App. 1997) (discussing due process defense derived from trilogy of United States Supreme Court cases).

¶14      But here Gomez made no explicit assurances to Tyszkiewicz that the latter's driving necessarily would be lawful. At the time Gomez directed Tyszkiewicz to move his car, Gomez had not witnessed any signs of intoxication and thus, had no reason to believe

7

that Tyszkiewicz was impaired by alcohol. Moreover, Tyszkiewicz had not advised Gomez of any of the factual circumstances that would render his driving a criminal act. For this reason, Tyszkiewicz could not have reasonably believed that Gomez's request implicitly authorized him to commit any crime. In short, Tyszkiewicz cannot claim that his due process rights were violated on the ground that he had relied on assurances, either explicit or implicit, that his conduct would be lawful.

¶15 Tyszkiewicz also relies on *Melendez* and *State v. Leavitt*, 27 P.3d 622 (Wash. App. 2001), to argue that the state has violated his due process rights by criminalizing his decision to comply with an officer's request. Both cases are readily distinguishable. In *Melendez*, the state attempted to use a defendant's statements to an inmate representative against him in a murder trial after the state had encouraged the defendant, by regulation and advice, to seek inmate representation and had thereafter facilitated the discussion between the defendant and the fellow inmate. 172 Ariz. at 71, 834 P.2d at 157. Our supreme court suppressed the statements on state due process grounds, concluding that it was fundamentally unfair for the state to offer inmate representation to the defendant as a right and then transform it into a trap for collecting inculpatory evidence against him. *Id.* at 73, 834 P.2d at 159. In the instant case, however, the defense presented no evidence that Gomez had any awareness that he would later investigate Tyszkiewicz for DUI, let alone any evidence that Gomez intended to set a trap by requesting that Tyszkiewicz move his car. Nor was Tyszkiewicz punished for exercising an affirmative regulatory right offered by the state.

8

¶16     In *Leavitt*, the Washington Court of Appeals reversed the defendant's convictions for unlawful possession of a firearm because a prior trial court had failed to comply with a statute's mandate to advise Leavitt that his misdemeanor conviction prohibited him from possessing a firearm. 27 P.3d at 628. But here, Gomez was under no statutory obligation to advise Tyszkiewicz that driving while impaired by alcohol was a crime before he requested that Tyszkiewicz move his car. *Cf. Persaud v. City of New York*, 762 N.Y.S.2d 641, 643 (2003) (police officer not negligent for failing to ask passenger in motor vehicle whether she could drive before instructing her to move vehicle from no parking zone).

¶17     The *Melendez* and *Leavitt* opinions found due process violations when the state penalized the respective defendants for the state's own failure to comply with explicit or implicit duties to the defendant. Here, Tyszkiewicz has not identified any affirmative duty to him that the state breached when Gomez instructed him to move his car. Although the situation unquestionably placed Tyszkiewicz in a difficult position, it did not rise to the level of fundamental unfairness necessary to constitute a due process violation. *Cf. Commonwealth v. Herb*, 852 A.2d 356, 360 (Pa. Super. Ct. 2004) (court rejected proposition that because officer gave defendant permission to move vehicle from illegal parking place defendant was relieved from criminal responsibility for driving with suspended license). We therefore conclude that Tyszkiewicz's movement of his vehicle at Gomez's request established that Tyszkiewicz drove within two hours of the time he was given the breath tests.

**¶18** Tyszkiewicz's final argument is that the state did not show that Tyszkiewicz drove or was in actual physical control of a vehicle while under the influence of an intoxicant. But we have already concluded that it was not a violation of Tyszkiewicz's due process rights for the state to use the evidence that Tyszkiewicz drove at Gomez's request to satisfy the time element of § 28-692. For the same reasons, we conclude that this evidence was sufficient to establish the driving element of the statute.

**¶19** We affirm Tyszkiewicz's conviction and sentence.

_____
PETER J. ECKERSTROM, Judge

CONCURRING:


_____
JOSEPH W. HOWARD, Presiding Judge


_____
J. WILLIAM BRAMMER, JR., Judge