NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

SADIE ELISABETH ESCALANTE, *Appellant.*

No. 1 CA-CR 13-0824
FILED 11-25-2014

Appeal from the Superior Court in Maricopa County
No. CR 2012-135835-001
The Honorable Phemonia L. Miller, Judge *Pro Tempore*
The Honorable Rick Nothwehr, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Jana Zinman
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Jeffrey L. Force
*Counsel for Appellant*

## MEMORANDUM DECISION

Judge Lawrence F. Winthrop delivered the decision of the Court, in which Presiding Judge Patricia K. Norris and Judge John C. Gemmill joined.

**W I N T H R O P**, Judge:

**¶1**　　　　Sadie Escalante appeals her convictions for two counts of aggravated driving under the influence ("DUI"). On appeal, Escalante alleges the trial court abused its discretion when it denied her request for a necessity defense instruction in her aggravated DUI trial. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

**¶2**　　　　On July 6, 2012, a Glendale police officer observed a truck weaving and drifting in its lane and initiated a traffic stop at approximately 2:50 a.m. Escalante was the driver and sole occupant of the truck. The officer conducted three separate field sobriety tests and concluded sufficient evidence existed to place Escalante under arrest. Escalante's subsequent blood draw revealed her blood alcohol content to be .166, more than twice the legal limit. Escalante was charged by information with two counts of aggravated DUI. A jury found Escalante guilty on both counts after four days of trial. The trial court suspended imposition of sentencing and placed her on concurrent terms of three years' supervised probation, including concurrent terms of four months' incarceration in the Arizona Department of Corrections, with credit for 35 days of presentence incarceration. Escalante timely appealed. We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") sections 12-120.21, 13-4031, and 13-4033.[1]

## ANALYSIS

**¶3**　　　　Escalante alleges the trial court abused its discretion and violated her due process and equal protection rights when it denied her request for a necessity defense instruction. We disagree.

---

[1]　　　We cite the current version of the statutes if no revisions material to our decision have occurred since the relevant dates.

¶4          This court's decision in *State v. Fell*, 203 Ariz. 186, 52 P.3d 218 (App. 2002) (review denied Feb. 11, 2003), is dispositive of Escalante's appeal.   In *Fell*, this court addressed whether the necessity defense, as codified in A.R.S. § 13-417, was applicable "to defend against charges filed under Title 28, specifically, driving while under the influence of an intoxicant." *Id*. at 219, ¶ 1, 52 P.3d at 187.  We concluded that the language "this title" in A.R.S. § 13-401 demonstrated the legislature's intent to limit justification defenses, including necessity, to charges brought under Title 13. *Id*. at 221, ¶ 9, 52 P.3d at 189; *see* A.R.S. § 13-401(B).  On the record before us, we find no reason to part with our decision in *Fell.*

¶5          Further, even if we set aside *Fell* and its sound statutory foundation and assume *arguendo* that the necessity defense could apply in this prosecution, Escalante's argument still fails.  The necessity defense allows a reasonable person to engage in conduct that would otherwise be criminal if "the person had no reasonable alternative to avoid imminent public or private injury greater than the injury that might reasonably result from the person's own conduct."  A.R.S.  § 13-417(A).  At trial, Escalante failed to establish she had no reasonable alternative but to drive that evening.  Escalante testified that on the night in question she, her friend, and her friend's boyfriend had been at a Scottsdale nightclub, where Escalante stated she consumed one alcoholic beverage.   When they returned to her friend's home, they discovered they had locked themselves out of the home.  An argument ensued between Escalante's friend and the boyfriend, and Escalante felt an "overwhelming need" to leave.  By sheer coincidence, Escalante's mother's truck was parked at Escalante's friend's home.  Escalante explained that she chose to leave in her mother's truck because the situation was "nerve racking."

¶6          Escalante presented no evidence that she attempted but failed to find an alternative to driving, such as calling a friend, family member, or a taxi service to assist her.  Escalante's contention that the situation was "nerve racking" does not meet the high standard required to assert a necessity defense, as the record before this court reflects she faced no verbal or physical threats of imminent injury from either party.  Moreover, given her two prior DUI convictions and four prior convictions for driving on a suspended license, as well as the fact that she acknowledged she did not have a valid driver's license at the time of this incident, Escalante was well aware that she should not be driving, especially after consuming alcohol. We find nothing in the record to support Escalante's claim that a necessity defense was applicable to her situation.

## CONCLUSION

¶7     For the foregoing reasons, we affirm.



Ruth A. Willingham · Clerk of the Court
F I L E D : gsh