NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Petitioner/Appellee,*

*v.*

HONORABLE BERNARD BARNES, *Respondent Judge,*[1]

LONNELL LEE EVANS, *Real Party in Interest/Appellant.*

No. 1 CA-CV 14-0670
FILED 3-3-2016

Appeal from the Superior Court in Maricopa County
No. LC2014-000162-001
The Honorable Pamela Hearn Svoboda, Judge

**JURISDICTION ACCEPTED; RELIEF GRANTED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Susan L. Luder
*Counsel for Petitioner/Appellee*

The Law Office of John Phebus, Glendale
By John A. Phebus
*Counsel for Real Party in Interest/Appellant*

---

[1]     The caption is amended as shown above.

---

## MEMORANDUM DECISION

Presiding Judge Kent E. Cattani delivered the decision of the Court, in which Judge Samuel A. Thumma and Judge Randall M. Howe joined.

---

**C A T T A N I**, Judge:

**¶1**        Lonnell Lee Evans appeals from a special action proceeding in which the superior court reversed the Arrowhead Justice Court's order suppressing evidence in a driving under the influence ("DUI") case.  For reasons that follow, we treat the appeal as a special action petition and grant relief by reversing the superior court's order and remanding to the justice court for further proceedings.

### FACTS AND PROCEDURAL BACKGROUND

**¶2**        In May 2013, Arizona Department of Public Safety Sergeant McFarland stopped Evans for speeding and eventually arrested him for DUI.  Because Sergeant McFarland was on a motorcycle, someone else—Officer Barahona—transported Evans to the Peoria Police Station for processing, arriving at 9:32 p.m.  While waiting for Sergeant McFarland to arrive, Officer Barahona filled in Evans's information on the operational checklist necessary for a breathalyzer test.  Sergeant McFarland arrived at the station around 9:45, and both officers were present with Evans until Officer Barahona left around 9:53.

**¶3**        Sergeant McFarland started the time on the breathalyzer device at 9:55.[2]  Sergeant McFarland finished completing the checklist, listing Officer Barahona as the person who conducted a 15-minute deprivation period required by Arizona Revised Statutes ("A.R.S.") § 28-1323(A)(4) from 9:37 until 9:57.[3]  Evans took the breathalyzer test at 10:00,

---

[2]        The times related to the breath test were based on the breathalyzer device's clock; other time notations came from the officers' computer-aided dispatch reports.

[3]        Absent material revisions after the relevant date, we cite a statute's current version.

showing a 0.219 blood alcohol concentration, and at 10:07, showing a 0.221 concentration.

**¶4**        Evans moved to suppress the breathalyzer test evidence, asserting that neither Sergeant McFarland nor Officer Barahona conducted a 15-minute deprivation period. At an evidentiary hearing in justice court, both officers testified that from the time of Evans's arrest, he did not drink alcohol, vomit, smoke, or place anything in his mouth. Although Sergeant McFarland wrote down that Officer Barahona performed the deprivation period, he acknowledged that he assumed Officer Barahona had done so and never received confirmation that Officer Barahona completed the deprivation period. Officer Barahona testified he had not conducted a deprivation period and stated instead that he thought Sergeant McFarland had done so.

**¶5**        The justice court suppressed the breathalyzer results. The court found that each officer believed the other had completed the deprivation period, that neither testified he had done so, that Evans being in the general presence of the officers for the designated period was insufficient, and thus the deprivation period requirement had not been satisfied.

**¶6**        The State sought special action review by the superior court, which reversed, holding that the justice court had abused its discretion. The superior court concluded that Officer Barahona began the deprivation period when he arrived at the station with Evans at 9:32, and that Sergeant McFarland completed the period from the time Officer Barahona left at 9:53 until the breathalyzer test took place at 10:00. Evans timely appealed.

## DISCUSSION

**¶7**        This court's jurisdiction is statutory, and we have an independent duty to determine whether we have jurisdiction over an appeal. *See State v. Bayardi*, 230 Ariz. 195, 197, ¶ 6 (App. 2012). Here, it is unclear whether the superior court's special action ruling is an appealable order triggering our appellate jurisdiction under A.R.S. §§ 12-120.21(A)(1) and -2101(A). But even assuming it is not, in our discretion, we exercise special action jurisdiction because Evans does not have "an equally plain, speedy, and adequate remedy by appeal." *See* Ariz. R.P. Spec. Act. 1(a).

**¶8**        A trial court's ruling on a motion to suppress is reviewed for an abuse of discretion, but its interpretations of law are reviewed de novo. *See State v. Brown,* 233 Ariz. 153, 156, ¶ 4 (App. 2013). A decision without substantial support in the record or an error of law may constitute an abuse

of discretion. *State v. Cowles*, 207 Ariz. 8, 9, ¶ 3 (App. 2004). Appellate courts defer to the trial court's determination of facts and witness credibility, viewing the evidence presented at the suppression hearing in the light most favorable to sustaining the trial court's ruling. *See State v. Bennett*, 237 Ariz. 356, 358, ¶ 8 (App. 2015); *Brown*, 233 Ariz. at 156, ¶ 4.

**¶9**        Under A.R.S. § 28-1323(A)(4), the results of a breath test are admissible (without expert witness testimony) if the operator who conducted the test followed an administratively approved operational checklist. The checklist—the applicable version of which is set forth in title 13, chapter 10, article 1, Exhibit G-1 of the Arizona Administrative Code ("A.A.C.")—requires a 15-minute deprivation period immediately before the breath test is conducted, "during which period the subject has not ingested any alcoholic beverages or other fluids, eaten, vomited, smoked or placed any foreign object in the mouth." A.A.C. R13-10-101(8). "[B]ecause the statutory method permits admission of a breath test without testimony from an expert witness, '*the requirements of the statute must be scrupulously met* so that there will be a uniform, statewide basis of testing to vouch for accuracy and reliability.'" *State ex rel. McDougall v. Johnson*, 181 Ariz. 404, 408 (App. 1994) (citation omitted).

**¶10**        The justice court ruled that although Evans was in the officers' general presence for the 15-minute period, the State did not establish that the officers complied with the statutory requirement because each officer believed the other had conducted the deprivation period and neither testified to having done so. Because there was "no clear testimony from either officer that the required Deprivation Period was conducted by any single person," the justice court suppressed the breath evidence.

**¶11**        Acting in its appellate capacity, the superior court reversed, finding that the justice court had misapplied the law because multiple officers can each conduct part of the deprivation period. *See State v. Tyskiewicz*, 209 Ariz. 457, 459, ¶ 7 (App. 2005). The superior court further found that "all the requirements of a deprivation were met by [Officer Barahona's] observations" that Evans did not eat, drink, smoke, or ingest anything during the deprivation period. The court concluded that, between the two officers' observations, Evans had been continuously observed for over an hour, and that this was sufficient.

**¶12**        In holding that the justice court abused its discretion, the superior court focused on the phrasing in the justice court's finding that a "single" officer had not completed the deprivation period. But the justice court did not rely solely on that finding; the court also relied on the fact that

neither officer testified to completing even a portion of the 15-minute period. Although the testimony of the operator is sufficient to establish that the operational checklist was followed, *see* A.R.S. § 28-1323(A)(4), and although there was evidence from which the justice court could have concluded that the deprivation period was completed, the court did not abuse its discretion by finding that neither officer completed even a portion of the deprivation period in light of each officer's testimony that someone else had done so.

**¶13**       In reaching a contrary conclusion, the superior court did not defer to the justice court's factual findings, and instead improperly reweighed the evidence. *See Stant v. City of Maricopa Emp. Merit Bd.*, 234 Ariz. 196, 201, ¶ 15 (App. 2014) (noting that when the superior court conducts appellate review, it "does not reweigh the evidence or resolve conflicts in it"); *see also Quigley v. City Court*, 132 Ariz. 35, 37 (App. 1982) ("A difference in judicial opinion is not synonymous with 'abuse of discretion.'").

**¶14**       The facts in this case are anomalous, and our decision does not dictate that the deprivation period requirement can only be satisfied by one officer observing an arrestee and not performing other tasks. Our decision simply affirms that to the extent it is necessary to determine if the required deprivation period was properly conducted, the trial court is responsible for weighing and assessing the evidence. *See Brown*, 233 Ariz. at 156, ¶ 4.

**¶15**       Because the justice court did not misapply the law, and because substantial evidence supported its ruling, the court did not abuse its discretion by finding that the requirements of the statute were not "scrupulously met." *See Cowles*, 207 Ariz. at 9, ¶ 3; *Johnson*, 181 Ariz. at 408 (citation and emphasis omitted).

## CONCLUSION

¶16      For the foregoing reasons, we reverse the superior court's ruling and remand for further proceedings.



Ruth A. Willingham · Clerk of the Court
FILED: ama