IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO


| | | |
|---|---|---|
| THE STATE OF ARIZONA, | ) | |
| | ) | 2 CA-CR 2003-0092 |
| Appellee, | ) | DEPARTMENT A |
| | ) | |
| v. | ) | O P I N I O N |
| | ) | |
| RENE A. SANCHEZ, | ) | |
| | ) | |
| Appellant. | ) | |
| | ) | |


APPEAL FROM THE SUPERIOR COURT OF PIMA COUNTY

Cause No. CR-61868

Honorable Frank Dawley, Judge Pro Tempore

REVERSED AND REMANDED

---

Terry Goddard, Arizona Attorney General
  By Randall M. Howe and Diane Leigh Hunt                         Tucson
                                             Attorneys for Appellee

Isabel G. Garcia, Pima County Legal Defender
  By Robb P. Holmes                                          Tucson
                                             Attorneys for Appellant

---

E C K E R S T R O M, Judge.

¶1 When he was sixteen years old, appellant Rene Sanchez was charged as an adult with discharging a firearm at a residential structure, conspiracy to commit discharging a firearm at a residential structure, two counts of aggravated assault, and assisting a criminal syndicate. Sanchez pled guilty to an amended count of attempting to assist a criminal syndicate, a nondangerous, nonrepetitive, class four felony, and the remaining charges were dismissed. The trial court suspended the imposition of sentence and placed Sanchez on intensive probation for four years. After successfully completing probation, Sanchez moved to have his record expunged pursuant to A.R.S. § 13-921(B). The court denied the motion based on its conclusion that expungement of a defendant's record pursuant to § 13-921(B) is available only in those cases in which the sentencing court expressly invokes that statute at the time of sentencing, which had not occurred in this case. Sanchez appeals from the order denying the motion. We reverse.

¶2 Section 13-921(A) permits a court to place a defendant who is under the age of eighteen on probation if he or she is convicted of a felony, has not been sentenced to a term of imprisonment, and has no historical prior felony conviction as defined in A.R.S. § 13-604. A minor who is placed on probation pursuant to § 13-921 is deemed to be on adult probation, § 13-921(C), although the court may also order the defendant to participate in services available through the juvenile court, § 13-921(D). When the trial court placed Sanchez on probation in November 1998, it did not state it was doing so pursuant to § 13-921 or any other statute.

**¶3** After Sanchez completed probation, he filed a motion requesting that the judgment of conviction be set aside, the indictment dismissed, and the record expunged and that he be released from all penalties and disabilities resulting from his conviction. Sanchez relied on § 13-921(B), which states that, "[i]f the court places a defendant on probation pursuant to this section," it may grant the relief Sanchez requested, subject to certain limitations.

**¶4** During the hearing on the motion, the state objected to Sanchez's request on the ground that the sentencing minute entry did not reflect that the court had placed him on probation pursuant to § 13-921 and argued that relief under § 13-921(B) was therefore not available to him. The court denied Sanchez's motion but stated that it did not know whether the legislature had intended to permit courts to grant relief under § 13-921(B) to any defendants who satisfy the criteria of subsection (A) or only to those defendants whom the courts expressly placed on probation pursuant to that statute. The trial court adopted the latter interpretation of § 13-921. Applying § 13-907 instead, the court granted Sanchez all

the relief he had requested, except for the expungement of his record.[1]  This appeal

followed.[2]

¶5          The sole issue raised in this appeal is whether a trial court must expressly

invoke § 13-921 at the time the court places a defendant on probation in order for the court

---

[1]At the time Sanchez committed the offense, A.R.S. § 13-907(A) provided, in relevant part, that

> every person convicted of a criminal offense may, upon fulfillment of the conditions of probation . . . and discharge by the court, apply to the judge . . . who . . . imposed probation or such judge['s] . . . successor in office to have the judgment of guilt set aside. . . .  If the judge . . . grants the application, the judge . . . shall set aside the judgment of guilt, dismiss the accusations or information and order that the person be released from all penalties and disabilities resulting from the conviction other than those imposed by the department of transportation pursuant to Section 28-3304, 28-3306, 28-3307 or 28-3308, except that the conviction may be used as a conviction if such conviction would be admissible had it not been set aside and may be pleaded and proved in any subsequent prosecution of such person by the state or any of its subdivisions for any offense or used by the department of transportation in enforcing the provisions of Section 28-3304, 28-3306, 28-3307 or 28-3308 as if the judgment of guilt had not been set aside.

1997 Ariz. Sess. Laws, ch. 1, § 31.

[2]The state moved to dismiss Sanchez's appeal on the ground that a defendant who enters a guilty plea may seek review of the judgment of conviction or sentence only by initiating proceedings pursuant to Rule 32, Ariz. R. Crim. P., 17 A.R.S.  We denied the motion because Sanchez has not appealed from the judgment of guilt or the imposition of probation, but instead, from an order made after judgment that affects his substantial rights. *See* A.R.S. § 13-4033(A)(2).

4

to be able to grant the defendant relief under § 13-921(B).  This is an issue of first impression.

¶6        Matters of statutory interpretation such as this involve questions of law, which we review *de novo*.  *State v. George*, 206 Ariz. 436, ¶ 6, 79 P.3d 1050, 1054 (App. 2003). In construing a statute, we strive to effectuate the legislature's intent in enacting it.  *State v. Fell*, 203 Ariz. 186, ¶ 6, 52 P.3d 218, 220 (App. 2002).  In order to discern and give effect to the legislature's intent, we look to the plain language of the statute.  *George*, 206 Ariz. 436, ¶ 6, 79 P.3d at 1054.  If the language is unclear, we "'consider other factors such as the statute's context, history, subject matter, effects and consequences, spirit, and purpose.'" *Id., quoting Fell*, 203 Ariz. 186, ¶ 6, 52 P.3d at 220.  If that endeavor nevertheless leaves a statute "'susceptible to more than one interpretation, the rule of lenity dictates that any doubt should be resolved in favor of the defendant.'"  *State v. Tarango*, 185 Ariz. 208, 210, 914 P.2d 1300, 1302 (1996), *quoting State v. Pena*, 140 Ariz. 545, 549-50, 683 P.2d 744, 748-49 (App. 1983), *aff'd*, 140 Ariz. 544, 683 P.2d 743 (1984).  We reach such a result here.

¶7        Section 13-921 is entitled "Probation for defendants under eighteen years of age; dual adult juvenile probation."  It provides in relevant part:

> A.  The court may enter a judgment of guilt and place the defendant on probation pursuant to this section if all of the following apply:
>
> 1.  The defendant is under eighteen years of age at the time the offense is committed.
>
> 2.  The defendant is convicted of a felony offense.

3. The defendant is not sentenced to a term of imprisonment.

4. The defendant does not have a historical prior felony conviction as defined in § 13-604.

B. If the court places a defendant on probation pursuant to this section, all of the following apply:

1. Except as provided in paragraphs 2, 3 and 4 of this subsection, if the defendant successfully completes the terms and conditions of probation, the court may set aside the judgment of guilt, dismiss the information or indictment, expunge the defendant's record and order the person to be released from all penalties and disabilities resulting from the conviction. The clerk of the court in which the conviction occurred shall notify each agency to which the original conviction was reported that all penalties and disabilities have been discharged and that the defendant's record has been expunged.

2. The conviction may be used as a conviction if it would be admissible pursuant to § 13-604 as if it had not been set aside and the conviction may be pleaded and proved as a prior conviction in any subsequent prosecution of the defendant.

3. The conviction is deemed to be a conviction for the purposes of §§ 28-3304, 28-3305, 28-3306 and 28-3320.

4. The defendant shall comply with §§ 13-3821 and 13-3822.

¶8 Sanchez argues that the plain language of subsection (A), "[t]he court *may* enter a judgment of guilt and place the defendant on probation *pursuant to this section*," permits a court to choose between probation or prison when sentencing a juvenile defendant who meets subsection (A)'s criteria. (Emphasis added.) He contends that the phrase,

6

"pursuant to this section," "does not create a special kind of probation" that must be invoked at the time of sentencing, but instead, indicates that the statute applies in any case in which "the court places the juvenile defendant on probation rather than imposing a prison sentence."

¶9            In contrast, the state emphasizes the word "may" in subsection (A) together with subsection (B)'s qualifying introductory provision, "[i]f the court places a defendant on probation pursuant to this section." § 13-921. Those terms, the state maintains, clearly and unambiguously permit a court to choose whether to place a juvenile defendant on an inherently unique type of probation under the statute. If a court does so, the state contends, it leaves open the possibility that the defendant's record will be expunged after he or she completes probation. Conversely, if a court places a juvenile defendant on adult probation without invoking the statute, the court thereby forecloses application of § 13-921(B) at a later date.

¶10            In light of our obligation to "give meaning to 'each word, phrase, clause, and sentence'" in a statute, we must conclude either interpretation of § 13-921 is reasonable. *Herman v. City of Tucson*, 197 Ariz. 430, ¶ 14, 4 P.3d 973, 977 (App. 1999), *quoting Walker v. City of Scottsdale*, 163 Ariz. 206, 210, 786 P.2d 1057, 1061 (App. 1989). As the state emphasizes, the specific wording of subsection (B) suggests that a court possesses the option of expunging a juvenile defendant's conviction only "[i]f the court places a defendant on probation pursuant to this section." § 13-921(B). On the other hand, subsection (A) sets

forth the criteria that juveniles must meet before becoming eligible for that privilege. Thus, "pursuant to this section" language in subsection (B) can also be read as merely referring to the subsection (A) requirements, in essence, limiting eligibility for expungement to those juveniles who both meet the criteria enumerated in subsection (A) and who have been placed on probation by the court. § 13-921(B). The interpretation the state urges—that § 13-921 creates a unique form of probation that a trial court must specifically impose at sentencing to later render a qualifying juvenile eligible for expungement—finds little support in the remaining language of § 13-921, which articulates no unique procedural or substantive requirements for the performance of probation pursuant to that section. In short, although the state's reading of the statute finds support in the specific wording of subsection (B), Sanchez's reading finds more support in the overall context of § 13-921.

¶11 Moreover, principles of statutory construction could support either interpretation of the legislature's intent. We presume that the legislature states its meaning as clearly as possible and that, if it wants to limit the application of a statute, it does so expressly. *Cf. Tanner Cos. v. Ariz. State Land Dep't*, 142 Ariz. 183, 189, 688 P.2d 1075, 1081 (App. 1984) ("Had the legislature meant to limit the common mineral materials statute . . ., it could have just said that . . . ."). Accordingly, we could reasonably conclude, as Sanchez has, that, if the legislature had intended to limit application of § 13-921(B) only to those instances in which a court had first placed a defendant on probation by expressly invoking § 13-921(A), it would have done so in more clear, unequivocal language than that

8

which the statute contains. On the other hand, subsection (B)'s use of the phrase "[i]f the court places a defendant on probation pursuant to this section" could be considered redundant or inartful if we interpret the statute as Sanchez suggests, a result that basic rules of statutory construction suggest we avoid. *Herman*, 197 Ariz. 430, ¶ 14, 4 P.3d at 977.

¶12 Nothing in the legislative history of § 13-921 resolves the statute's inherent ambiguity. The statute was presented to the Arizona Legislature as part of Senate Bill 1446, a compilation of legislative changes designed to effectuate Proposition 102, the Juvenile Justice Initiative. Passed by the electorate in November 1996, Proposition 102 amended the state's constitution "to provide the legislature or the people by referendum, with the authority to enact substantive and procedural laws regarding all proceedings and matters affecting juveniles." *State v. Davolt*, 207 Ariz. 191, ¶ 100, 84 P.3d 456, 479 (2004); *see also* Ariz. Const. art. IV, pt. 2, § 22. That amendment requires that juveniles fifteen years of age or older be tried as adults when accused of violent felony offenses or if they are chronic felony offenders. Ariz. Const. art. IV, pt. 2, § 22.

¶13 The minutes of the legislative committee meetings concerning Senate Bill 1446 contain no record of any substantive discussion of the meaning or intended consequences of the terms "may" and "pursuant to" used in § 13-921. And the only references to § 13-921 in the Senate Fact Sheet for the bill state only that the statute

> [e]stablishes and sets forth criteria for juvenile offenders to receive probation[,] . . .

9

[p]rovides that while successful completion of probation may result in expungement, offense may still be used as an historical prior and considered by the Department of Transportation in determining the status of the juvenile's driver's license[,] . . .

[and a]llows the court to order a juvenile who is on probation to be incarcerated for up to one year in a juvenile detention facility or county jail or combination of both at varying intervals, consecutive or non-consecutive, until the juvenile reaches the age of eighteen.

Ariz. State S. Fact Sheet for S.B. 1446, rev. Apr. 14, 1997.

¶14        Finally, we note that the state's interpretation of § 13-921 makes little logical sense in the context of applying the legislature's criteria for juvenile expungement to specific cases. Under the state's interpretation, juveniles convicted as adults would not be entitled to expungement of their records unless a trial court made two separate discretionary rulings on the propriety of expungement at two separate times: once when probation is granted and once when probation is concluded. We can think of no reason why the legislature would want trial courts to conduct this evaluation twice. Nor can we think of any reason the legislature would want a trial court to initially evaluate the wisdom of expungement before a juvenile has completed probation and thereby demonstrated his or her ability to be rehabilitated. In the absence of any legislative history suggesting some motivation for such a cumbersome and illogical procedure, we are skeptical that the legislature intended to create that scheme—notwithstanding its use of language that can arguably be construed to require precisely that.

10

**¶15** Because § 13-921 is equally susceptible to each interpretation the parties have urged here, we are guided by the rule of lenity to resolve the statute's ambiguity in favor of the defendant. *See Tarango*, 185 Ariz. at 210, 914 P.2d at 1302. Accordingly, we hold that § 13-921 need not be expressly invoked at the time of sentencing for a defendant who meets the criteria in subsection (A) of that statute to seek relief under subsection (B).

**¶16** We reverse the order denying Sanchez's motion and remand the case for further proceedings consistent with this decision.

_____
PETER J. ECKERSTROM, Judge

CONCURRING:


_____
JOSEPH W. HOWARD, Presiding Judge


_____
J. WILLIAM BRAMMER, JR., Judge