IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

JACOB ALI FARID, *Appellant.*

No. 1 CA-CR 19-0527
FILED 07-23-2020

Appeal from the Superior Court in Mohave County
No. S8015CR201802032

The Honorable Derek C. Carlisle, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joshua C. Smith
*Counsel for Appellee*

Rideout Law P.L.L.C., Lake Havasu City
By Bradlee Rideout, Wendy Marcus
*Counsel for Appellant*

## OPINION

Judge David B. Gass delivered the opinion of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge Maria Elena Cruz joined.

**G A S S**, Judge:

¶1        Jacob Ali Farid appeals his conviction for importing marijuana into the state under A.R.S. § 13-3405.A.4.[1] Farid argues the superior court erred by instructing the jury it could convict him without proof he imported marijuana "for sale." Because § 13-3405.A.4 does not require proof a defendant who knowingly imported marijuana did so "for sale," the instruction correctly stated the law. Farid's conviction, therefore, is affirmed.

## FACTUAL AND PROCEDURAL HISTORY

¶2        The State charged Farid with importation or transportation of marijuana for sale (count 1) and possession of marijuana for sale (count 2), both class 2 felonies. The charges stemmed from a traffic stop in Mohave County that revealed 214 one-pound packages of marijuana in the truck Farid was driving. Each package had a prescription label identifying it as "Medical Cannabis California" and certifying the contents were packaged in compliance with California's medical marijuana statutes. Farid told the officer he and his passenger were travelling from Lake Tahoe to Houston.

¶3        The superior court instructed the jury as follows regarding the importation charge at issue:

> The crime of transportation of marijuana for sale requires proof that the defendant:
>
> 1. Knowingly transported marijuana for sale or imported marijuana into Arizona; and

---

[1]        Farid also was convicted of possessing marijuana for sale. A separate memorandum decision filed simultaneously with this opinion, *State v. Farid*, 1 CA-CR 19-0527, rejects Farid's other challenges to both convictions. *See* Ariz. R. Sup. Ct. 111(h); Ariz. R. Crim. P. 31.19(f).

2. The substance was in fact marijuana.

"Import into Arizona" means to bring into Arizona from another state or country.

¶4        Based on the language used in count 1 of the indictment, the superior court also instructed the jury on separate acts:

The defendant is accused of having committed the crime of transportation of marijuana for sale in [c]ount 1. The prosecution has introduced evidence for the purpose of showing that there is more than one act upon which a conviction on [c]ount 1 may be based. Defendant may be found guilty if the proof shows beyond a reasonable doubt that he committed any one or more of the acts. However, in order to return a verdict of guilty to [c]ount 1, all jurors must agree that he committed the same act. It is not necessary that the particular act agreed upon be stated in your verdict.

¶5        Farid did not object to either instruction. During closing arguments, the State raised the separate-acts instruction, telling the jury proof of importation alone is sufficient to convict. Farid did not object.

¶6        After final instructions and closing argument, the jury begin its deliberations. Unable to reach a decision, the jury recessed for the day. Before recessing, a juror submitted the following question:

I need clarification on the transportation of marijuana for sale. On our jury rules it shows

1. Knowingly transported marijuana for sale <u>OR</u> imported marijuana into Arizona; and

2. The substance was in fact marijuana.

The charge states for sale but the description shows the or option which does not say anything about sale. Can more specifics be given to us on the law please.

(Emphasis original).

¶7        The superior court addressed the question with counsel the following morning, and initially proposed the following answer:

The crime of transportation of marijuana for sale requires proof that the defendant knowingly *either* transported marijuana for sale or imported marijuana into Arizona and the substance was in fact marijuana.

(Emphasis added).

¶8        Farid's counsel objected to adding anything to the instructions the superior court had already given, saying "I think adding 'either,' I object specifically to that." The State did not object to removing the word "either" from the superior court's proposed answer. The superior court then gave its proposed response, but omitted the word "either." Farid did not immediately renew his objection and the jury resumed its deliberations.

¶9        Approximately thirty minutes later, Farid's counsel asked the superior court to reconvene to discuss an objection to the answer. At this point, counsel said the Revised Arizona Jury Instructions (RAJI) Standard for importing marijuana required proof the marijuana was for sale.[2] Counsel then asked the superior court to reinstruct the jury. The State asked the superior court to deny the request, noting "at no point does [the statute] put 'import into the state' next to 'for sale.'"

¶10        The superior court denied Farid's motion, noting if counsel's representation was accurate, the RAJI itself was incorrect.[3] The superior court went on to say, "if the 'for sale' was supposed be included with the 'import,' it would have said . . . import for sale into this state" or import into this state for sale.

¶11        The jury found Farid guilty on both counts. The superior court sentenced Farid to concurrent 4-year terms of imprisonment with 37 days' presentence incarceration credit. Farid timely appealed. This court

---

[2]        Farid's trial counsel did not identify which RAJI edition she was quoting. This court, however, takes judicial notice of the language used in the outdated Third edition RAJI, which counsel accurately quoted the to the superior court. *See In re Sabino R.*, 198 Ariz. 424, 425, ¶ 4 (App. 2000); RAJI (Criminal) STCI 34.0541 (3d ed. 2013).

[3]        This court also takes judicial notice of the language used in the Fourth edition RAJI—current at the time of Farid's trial—which does not include a "for sale" element in the crime of importing marijuana. *See* RAJI (Criminal) STCI 34.0541 (4th ed. 2018).

has jurisdiction under Article 6, Section 9, of the Arizona Constitution, and A.R.S. §§ 12-120.21.A.1, 13-4031, and 13-4033.A.1.

**ANALYSIS**

**¶12**        Farid's appellate counsel argues the superior court's instructions "removed an element of the crime that the jury must find to convict, that the marijuana was imported into the state for sale."[4] This court reviews a decision to give a jury instruction for abuse of discretion but reviews *de novo* whether the instruction correctly states the law. *See State v. Solis*, 236 Ariz. 285, 286, ¶ 6 (App. 2014).

**¶13**        When interpreting a statute, the primary goal is to give effect to the legislature's intent, using the statute's "plain language as the best indicator of that intent." *See Parsons v. Ariz. Dep't of Health Servs.*, 242 Ariz. 320, 323, ¶ 11 (App. 2017). If the language is clear and unambiguous, courts "must give effect to that language without employing other rules of statutory construction." *Id.*

**¶14**        Section 13-3405 states, in relevant part:

A. A person shall not knowingly:

. . . .

---

[4]        Counsel purports to quote the Fourth edition RAJI to support this position. In truth, the argument is largely based on language used in the Third edition RAJI. As stated above, the Third edition was not current at the time of Farid's trial. This court assumes counsel made a typographical error and intended to cite the outdated Third edition. Further:

> In 1996, [the Arizona Supreme Court] determined that [it] would "no longer issue qualified approvals for any jury instructions." As a result, the State Bar of Arizona created standard jury instructions and renamed them the "Revised Arizona Jury Instructions." A notice accompanying the instructions warns users of the new RAJI that "these instructions, as a group, have not received any approval from the Arizona Supreme Court."

*See State v. Logan*, 200 Ariz. 564, 566, ¶ 12 (2001) (quoting RAJI (Criminal) iii (2000)).

4. Transport *for sale*, import into this state or offer to transport *for sale* or import into this state, sell, transfer or offer to sell or transfer marijuana.

(Emphasis added).

**¶15**    Contrary to Farid's contention, the phrase "for sale" modifies "transport." It does not modify "import." "We presume that the legislature states its meaning as clearly as possible and that, if it wants to limit the application of a statute, it does so expressly." *State v. Sanchez*, 209 Ariz. 66, 69, ¶ 11 (App. 2004). "*Expressio unius est exclusio alterius*—the expression of one item implies the exclusion of others—is appropriate when one term is reasonably understood as an expression of all terms included in the statutory grant or prohibition." *City of Surprise v. Ariz. Corp. Comm'n*, 246 Ariz. 206, 211, ¶ 13 (2019).

**¶16**    Here, the presence of the phrase "for sale" in relation to "transport" but not "import into this state"—not once but twice in the same paragraph—shows its absence as to "import into this state" was intentional. *Accord State v. Chabolla–Hinojosa*, 192 Ariz. 360, 364, ¶ 16 (App. 1998) (noting in dicta, "an importation charge has no 'for sale' element").

**¶17**    The statute's history also supports this interpretation. *See Manic v. Dawes,* 213 Ariz. 252, 255, ¶ 14 (App. 2006) (absent clearly expressed legislative intent to the contrary, unambiguous statutory language is conclusive). The previous version said, in relevant part:

A. A person shall not knowingly:

. . . .

3. Transport, import into this state, sell, transfer or offer to transport, import into this state, sell or transfer marijuana.

A.R.S. § 13-3405.A.3 (1986). The legislature added the current language in 1987. *See* 1987 Ariz. Sess. Laws, ch. 307, § 18 (1st Reg. Sess.).

**¶18**    The legislature's decision to add "for sale" after "transport" but not after "import into this state" strongly indicates the "for sale" element only applies to the crime of transporting marijuana, not to the crime of importing marijuana. *See generally Manic*, 213 Ariz. at 255, ¶ 16 (insertion of notice-of-right-to-jury-trial language into substantive driving under the influence statute demonstrated legislative intent); *Ariz. State Univ. Bd. of Regents v. Ariz. State Ret. Sys.*, 242 Ariz. 387, 389, ¶ 7 (App. 2017)

(this court strives to "give meaning to each word, phrase, clause, and sentence . . . so that no part of the statute will be void, inert, redundant, or trivial.") (alteration original; internal quotation omitted).

**¶19** Consistent with the statute's plain language and history, a defendant may be convicted under subsection 13-3405.A.4 by importing marijuana into the state without proof the defendant imported it "for sale." The superior court's instruction, therefore, "closely tracked the language of the current statute [and] did not misstate the law." *See State v. Morales*, 198 Ariz. 372, 374, ¶ 4 (App. 2000).

## CONCLUSION

**¶20** For the above reasons and those in the related, simultaneously-filed memorandum decision, Farid's convictions are affirmed.

