IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

DAVID FURLONG, *Appellant.*

No. 1 CA-CR 18-0809
FILED 8-20-2020

Appeal from the Superior Court in Maricopa County
No. CR1988-005928
The Honorable Douglas Gerlach, Judge

**VACATED; REMANDED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Robert E. Prather
*Counsel for Appellee*

David Furlong, El Mirage
*Appellant*

Maricopa County Public Defender's Office, Phoenix
By Rena P. Glitsos
*Advisory Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By Linley Wilson, Joshua C. Smith
*Counsel for Amicus Curiae Arizona Attorney General*

The Nava Law Firm, PLLC, Phoenix
By Armando Nava
*Co-Counsel for Amicus Curiae Arizona Attorneys for Criminal Justice*

LisaLaw, LLC, Mesa
By Lise R. Witt
*Co-Counsel for Amicus Curiae Arizona Attorneys for Criminal Justice*

————————————————

**OPINION**

Judge Maria Elena Cruz delivered the opinion of the Court, in which Judge David B. Gass joined. Presiding Judge Lawrence F. Winthrop dissented.

————————————————

**C R U Z**, Judge:

**¶1**       David Furlong appeals the superior court's order denying his motion to set aside or expunge his convictions pursuant to Arizona Revised Statutes ("A.R.S.") section 13-921(B)(1). The superior court ruled that former A.R.S. § 13-907(E) (2018) (current A.R.S. § 13-905(K) (2019))[1] precluded it from considering Furlong's motion. This appeal requires us to address the following question:

> If a juvenile who has no historical prior felony convictions pleads guilty to two felonies in which the victim is a minor under fifteen years of age, is placed on lifetime adult probation (including sex offender registration and a term of jail, but no imprisonment), is discharged from probation (and the sex offender registration requirement) after apparently successfully completing probation, and then seeks to set aside

---

[1]       The superior court cited § 13-907(E), but after the court issued its order, the legislature amended and renumbered § 13-907. The cited subsection is now found in a slightly amended form in § 13-905(K). *See* 2018 Ariz. Sess. Laws, ch. 83, § 1 (2nd Reg. Sess.) (amendment); 2019 Ariz. Sess. Laws, ch. 244, § 1 (1st Reg. Sess.) (amendment); 2019 Ariz. Sess. Laws, ch. 149, § 4 (1st Reg. Sess.) (renumbering). In this opinion, we reference all statutes by their current number. Section 13-905 was originally enacted in 1976 as A.R.S. § 13-1744 and has been amended numerous times throughout its history, including quite recently.

2

the judgment of guilt and expunge his record, which statute—
A.R.S. § 13-905 or A.R.S. § 13-921—controls?

We conclude § 13-905 and § 13-921 operate independently of one another, so that Furlong is eligible to have his judgment of guilt set aside or expunged under § 13-921(B)(1). Accordingly, we vacate the superior court's order and remand for further proceedings consistent with this opinion.

## FACTUAL AND PROCEDURAL HISTORY

**¶2** In 1988, at the age of seventeen, Furlong pleaded guilty to one count of attempted sexual conduct with a minor and one count of attempted child molestation, each a Class 3 felony and dangerous crime against children in the second degree. *See* A.R.S. §§ 13-1001, -1405, -1410; *see generally* A.R.S. § 13-501 (allowing prosecution of juveniles as adults in some cases). The crimes stemmed from multiple instances of sexual activity with his niece that occurred when Furlong was fourteen to sixteen years old and she was three to five years old.[2]

**¶3** In accordance with the plea agreement, the superior court placed Furlong on lifetime probation after a term of jail and required him to register as a sex offender. *See* A.R.S. § 13-3821. In 2013, the court restored the civil rights Furlong had lost because of his convictions. In 2014, the court discharged Furlong from lifetime probation, and in 2015, it terminated his sex offender registration requirement.

**¶4** In 2018, citing § 13-921(B)(1), Furlong moved to "set aside [his] judgment of guilt . . . , dismiss the information and/or indictment where applicable, expunge [his] record of conviction[s,] and release [him] from any and all penalties and disabilities resulting from [his] conviction[s]." In a summary order, the superior court denied the motion, explaining as follows: "Pursuant to [A.R.S. § 13-905(K)] this crime may never be set aside due to the age of the victim."

**¶5** Furlong timely appealed. After the parties filed their briefs, we ordered supplemental briefing regarding the question posed in the first

---

2       Based on the dates alleged in the indictment, Furlong was sixteen years old and the victim was five years old at the time of the crimes specifically charged in the indictment.

paragraph of this opinion and invited other interested parties to file amicus briefs.[3]

**¶6**      We have jurisdiction under Article 6, Section 9, of the Arizona Constitution, and A.R.S. §§ 12-120.21(A)(1) and 13-4033(A)(3). *See State v. Hall*, 234 Ariz. 374, 375, ¶ 2 (App. 2014); *State v. Sanchez*, 209 Ariz. 66, 68, ¶ 4 n.2 (App. 2004).

## DISCUSSION

**¶7**      The question posed requires us to determine whether § 13-921 operates independently of § 13-905, or whether a juvenile convicted as an adult must satisfy the requirements in § 13-905 to apply for relief under § 13-921(B)(1).

**¶8**      In general, we review de novo issues of statutory interpretation. *Hall*, 234 Ariz. at 375, ¶ 3. In construing statutes, we look to their plain language as the most reliable indication of their meaning and the legislature's intent, which we seek to effectuate. *See State v. Jones*, 235 Ariz. 501, 502, ¶ 6 (2014); *Hall*, 234 Ariz. at 376, ¶ 8; *State v. George*, 206 Ariz. 436, 440, ¶ 6 (App. 2003). If the language is clear and unambiguous, we apply it without turning to other methods of statutory interpretation. *Hayes v. Cont'l Ins. Co.*, 178 Ariz. 264, 268 (1994). If more than one rational interpretation exists, however, or two statutes appear to conflict, we attempt to harmonize their language to give effect to both and may employ other tools of statutory construction to discern the proper interpretation. *See id.*; *True v. Stewart*, 199 Ariz. 396, 399, ¶ 12 (2001). Only then may we consider other factors, including a statute's "context, history, subject matter, effects and consequences, spirit, and purpose." *George*, 206 Ariz. at 440, ¶ 6 (quoting *State v. Fell*, 203 Ariz. 186, 188, ¶ 6 (App. 2002)); *accord Calmat of Ariz. v. State ex rel. Miller*, 176 Ariz. 190, 193 (1993). This court strives to "give meaning to 'each word, phrase, clause, and sentence . . . so that no part of the statute will be void, inert, redundant, or trivial.'" *See Ariz. State Univ. Bd. of Regents v. Ariz. State Ret. Sys.*, 242 Ariz. 387, 389, ¶ 7 (App. 2017) (quoting *In re Est. of Zaritsky*, 18 Ariz. 599, 603, ¶ 11 (App. 2000)).

**¶9**      Section 13-905 is entitled "Setting aside judgment of convicted person on discharge; application; release from disabilities; firearm possession; exceptions." It generally addresses the process by which any

---

[3]     Accordingly, we grant the motion of the Arizona Attorneys for Criminal Justice ("AACJ") to file an amicus brief in this matter.

adult convicted of a felony may seek to have a judgment of guilt set aside. In relevant part, it provides as follows:

> A. *Except as provided in subsection K of this section*, every person convicted of a criminal offense, on fulfillment of the conditions of probation or sentence and discharge by the court, may apply to the court to have the judgment of guilt set aside. . . .
>
> . . . .
>
> K. *This section does not apply to a person who was convicted of any of the following:*
>
> . . . .
>
> 2. *An offense for which the person is required or ordered by the court to register pursuant to § 13-3821 [as a sex offender].*
>
> ….
>
> 4. *A felony offense in which the victim is a minor under fifteen years of age.*

A.R.S. § 13-905(A), (K) (emphasis added).

**¶10**    Thus, although § 13-905(A) generally permits persons convicted of criminal offenses to apply to the court to set aside a conviction, subsection (K) renders some persons ineligible to apply based on the nature of their offenses. *See State v. Bernini*, 233 Ariz. 170, 174, ¶ 11 (App. 2013). As relevant here, subsection (K) makes plain a person cannot apply to have a conviction set aside if it is one for which the sentencing court ordered sex offender registration or if (as the superior court found in Furlong's case) the victim was under fifteen years old. *See* A.R.S. § 13–905(K)(2), (4).

**¶11**    Furlong's motion cited subsection (B)(1) of § 13-921, which is entitled "Probation for defendants under eighteen years of age; dual adult juvenile probation." In relevant part, it provides as follows:

> A. The court may enter a judgment of guilt and place the defendant on probation pursuant to this section if all of the following apply:
>
> 1. The defendant is under eighteen years of age at the time the offense is committed.

2. The defendant is convicted of a felony offense.

3. The defendant is not sentenced to a term of imprisonment.

4. The defendant does not have a historical prior felony conviction.

B. If the court places a defendant on probation pursuant to this section, all of the following apply:

1. Except [in situations not relevant here], *if the defendant successfully completes the terms and conditions of probation, the court may set aside the judgment of guilt, dismiss the information or indictment, expunge the defendant's record and order the person to be released from all penalties and disabilities resulting from the conviction.*

. . . .

A.R.S. § 13-921(A)-(B) (emphasis added).

**¶12**        Thus, § 13-921(A) authorizes the sentencing court to place a defendant under eighteen years of age, who is prosecuted as an adult, on adult probation under the conditions listed in subsections (A)(1)-(4). Furlong was such a juvenile defendant.  He was under eighteen years of age with no historical prior felony convictions, entered a guilty plea to two felony offenses, and was sentenced to lifetime adult probation—including sex offender registration and a term of jail—but no imprisonment. Accordingly, Furlong met each of the requirements of subsection (A). Because Furlong has been discharged from lifetime probation and the sex offender registration requirement, Furlong argues the sentencing court may have his judgment of guilt set aside and his record expunged pursuant to § 13-921(B)(1).  As we explain below, we agree.

**¶13**        A plain-language analysis of § 13-905 and § 13-921 shows the statutes do not irreconcilably conflict.  Instead, the two statutes operate in parallel, independently of each other.  Section 13-905 applies to adult offenders, and § 13-921 applies to juvenile offenders placed on dual adult-juvenile probation.

**¶14**        In its supplemental brief, Appellees concede that for juvenile offenders in the adult criminal justice system, "it appears the legislature intended for certain juvenile offenders to be granted special privileges upon

successful completion of the sentence and a showing of rehabilitation."
Appellees recognize as follows,

> [Section 13-921(B)] reads 'If' the offender proves successful on
> probation, the court 'may' set aside the judgment of guilt and
> expunge the record. Section 13-921, then, provides a court
> discretionary options in dealing with young offenders who
> proved [amenable] to correctional intervention. By allowing
> such, the statute incentivizes the offender to abide by the
> terms of probation in order to enter adulthood without a
> criminal conviction.

**¶15** In its amicus brief the Attorney General, however, argues
§ 13-921(B)(1) "only operates if the juvenile defendant is eligible—in the
first instance—to apply for a set aside of his/her conviction under A.R.S. §
13-905." It contends that because Furlong was not eligible under § 13-905,
the superior court lacked the power to grant him relief under § 13-921. But
the two statutes do not reference each other, and neither provision implies
that § 13-905(K) limits application of § 13-921(B)(1). Further, as Furlong
correctly points out, § 13-905(K)(2) bars the application by a person
convicted of "[a]n offense for which the person is required or ordered by
the court to register [as a sex offender] pursuant to § 13-3821." But § 13-
921(B)(1) expressly acknowledges that a juvenile offender who is ordered
to register as a sex offender may have the conviction set aside and the record
expunged. *See* A.R.S. § 13-921(B)(1), (4) (requiring that, if applicable, a
defendant whose conviction is set aside or expunged "shall" nonetheless
comply with § 13-3821); *see also City of Tucson v. Clear Channel Outdoor, Inc.*,
209 Ariz. 544, 552, ¶ 31 (2005). The State's interpretation of the statute,
therefore, would render § 13-921(B)(4) superfluous. "Whenever possible,
we do not interpret statutes in such a manner as to render a clause
superfluous." *See Clear Channel*, 209 Ariz. at 552, ¶ 31.

**¶16** Additionally, "[w]e presume that the legislature states its
meaning as clearly as possible and that, if it wants to limit the application
of a statute, it does so expressly." *Sanchez*, 209 Ariz. at 69, ¶ 11. We can
reasonably conclude that if the legislature intended a juvenile offender who
is convicted and placed on adult probation may not apply for relief under
§ 13-921(B)(1) without first satisfying § 13-905, it would have said so
explicitly. Section 13-921 references nine other statutes, but it does not
reference § 13-905.

**¶17** The dissent argues that by interpreting the statutes to operate
independently, instead of interpreting § 13-905 to be a prerequisite to § 13-

921(B), we create an "absurd result." The dissent focuses on A.R.S. § 8-348, under which a person adjudicated delinquent as a juvenile may apply to have the adjudication set aside, but it bars such relief to a person adjudicated delinquent for a sexual offense. *See* A.R.S. § 8-348(I)(3). Thus, the dissent concludes, it would be absurd that someone like Furlong—who was transferred to adult court and convicted of sexual offenses—could obtain relief, but a person adjudicated delinquent of the same offense in juvenile court could not.

¶18 To the contrary, our reading is the result of several logical distinctions. *See State v. Estrada*, 201 Ariz. 247, 251, ¶ 17 (2001). "A result is absurd [only] if it is so irrational, unnatural, or inconvenient that it cannot be supposed to have been within the intention of persons with ordinary intelligence and discretion." *See id.* (internal quotation marks and citations omitted). The dissent's argument discounts the difference between the long-term consequences of a juvenile adjudication and an adult conviction. An order of the juvenile court "shall not be deemed a conviction of crime, impose any civil disabilities ordinarily resulting from a conviction or operate to disqualify the juvenile in any civil service application or appointment." A.R.S. § 8-207(A). Additionally, "[t]he disposition of a juvenile in the juvenile court may not be used against the juvenile in any case or proceeding other than a criminal or juvenile case in any court, whether before or after reaching majority" except under certain limited circumstances. A.R.S. § 8-207(B). Further, although a person's juvenile records are not sealed, A.R.S. § 8-208—the state registry for criminal offenses—does not include "information relating to juveniles unless they have been adjudicated as adults." A.R.S. § 41-1750(Y)(6).

¶19 Finally, though a juvenile adjudicated delinquent for a sexual offense may be ineligible to apply to have his or her conviction set aside, the juvenile may obtain even greater relief: destruction of his or her records. *See* A.R.S. §8-349.

**CONCLUSION**

¶20 Furlong is eligible to have his judgment of guilt set aside or expunged under § 13-921(B)(1). The superior court's order denying Furlong's motion to set aside or expunge his convictions is vacated. We remand for further proceedings consistent with this opinion.

**W I N T H R O P**, J., dissenting:

**¶21**        I respectfully dissent.  The majority's conclusion that A.R.S. §§ 13-905 and 13-921 operate entirely independently from each other, and that § 13-921(B)(1) alone governs the procedure for Furlong's application to set aside his conviction, creates an untenable result in light of similar statutory provisions that apply to juveniles.  Accordingly, I conclude § 13-905 serves as a prerequisite to a motion made pursuant to § 13-921(B)(1) and would affirm the superior court's order.

**¶22**        Courts should seek to achieve consistency among related statutes within the context of the overall statutory scheme.  *Fell*, 203 Ariz. at 188, ¶ 6 (citing *Bills v. Ariz. Prop. & Cas. Ins. Guar. Fund*, 194 Ariz. 488, 494, ¶ 18 (App. 1999)); *see also Stambaugh v. Killian*, 242 Ariz. 508, 509, ¶ 7 (2017) ("In construing a specific provision, we look to the statute as a whole and we may also consider statutes that are in pari materia — of the same subject or general purpose — for guidance and to give effect to all of the provisions involved." (citing *David C. v. Alexis S.*, 240 Ariz. 53, 55, ¶ 9 (2016))).  Moreover, when possible, "[s]tatutes should be construed sensibly to avoid reaching an absurd conclusion."  *State ex rel. Montgomery v. Harris*, 237 Ariz. 98, 101, ¶ 13 (2014) (citing *Mendelsohn v. Superior Court*, 76 Ariz. 163, 169 (1953)).

**¶23**        As the majority recognizes, A.R.S. § 13-905 addresses the process by which every convicted felon may apply to have his or her judgment of guilt set aside.  The analog to § 13-905 in the juvenile delinquency context is A.R.S. § 8-348, which establishes a parallel set-aside procedure for persons who were "adjudicated delinquent or incorrigible."  A.R.S. § 8-348(A).[4]  In relevant part, § 8-348 provides as follows:

> A. *Except as provided in subsection I of this section, a person who is at least eighteen years of age, who has been adjudicated delinquent or incorrigible and who has fulfilled the conditions of probation and discharge* ordered by the court or who is discharged from the department of juvenile corrections pursuant to § 41-2820 on

---

[4]        Section 8-348 was enacted in 1998 — one year *after* the Arizona Legislature enacted A.R.S. § 13-921.  *See* 1998 Ariz. Sess. Laws, ch. 216, § 14 (2nd Reg. Sess.).  Thus, the legislature presumably was aware of § 13-921 when it passed § 8-348.

successful completion of the individual treatment plan may apply to the juvenile court to set aside the adjudication. . . .

. . . .

I. *This section does not apply to a person who was adjudicated delinquent for any of the following:*

. . . .

3. *An offense in violation of title 13, chapter 14.*[5]

A.R.S. § 8-348(A), (I) (emphasis added) (footnotes omitted).

**¶24** Like § 13-905(K), A.R.S. § 8-348(I) renders certain persons ineligible to apply to set aside their adjudication. Specifically, subsection (I)(3) precludes persons adjudicated delinquent for "[a]n offense in violation of title 13, chapter 14," i.e., sexual offenses in the criminal code, which are found in A.R.S. § 13-1401 et seq. Considering Furlong's motion to set aside his adult conviction under A.R.S. § 13-921(B)(1) without first considering whether the motion is precluded under § 13-905(K) creates an absurd result, given that under Title 8, juveniles adjudicated delinquent for sexual offenses are ineligible to set aside their adjudications. *See* A.R.S. § 8-348(A), (I)(3).

**¶25** It is illogical to conclude a criminal defendant like Furlong—who after being removed to adult court was convicted of felony sex offenses and was required to register as a sex offender—is eligible to apply to set aside his convictions, despite the exclusions established in A.R.S. § 13-905(K), but a person adjudicated delinquent of a sexual offense in juvenile court is not eligible to apply because of the exclusions contained in A.R.S. § 8-348(I). This would be an irrational result our legislature could not have intended when it enacted § 13-921(B), because it would produce a harsher result for juveniles who have merely been adjudicated delinquent and seek rehabilitation. *See Estrada*, 201 Ariz. at 251, ¶ 17 ("A result is absurd if it is so irrational, unnatural, or inconvenient that it cannot be supposed to have been within the intention of persons with ordinary intelligence and discretion." (internal quotation marks omitted) (citations omitted)). Such an outcome frustrates the primary function of juvenile courts, which is treatment and rehabilitation. *David G. v. Pollard ex rel. Pima Cnty.*, 207 Ariz. 308, 312, ¶ 21 (2004). By contrast, "rehabilitation is not an express

---

5    Title 13, chapter 14, encompasses the crimes of sexual conduct with a minor and child molestation. *See* A.R.S. §§ 13-1405, -1410.

sentencing policy of our criminal code." *Id.*; *see also* A.R.S. § 13-101 (declaring the "public policy of this state and the general purposes of" Title 13).

**¶26** Moreover, in the Final Revised Fact Sheet for Senate Bill 1258 (the bill that added A.R.S. § 8-348) our legislature stated the legislation was part of an effort relating to "the 1996 juvenile justice initiative" and that this particular statute "[a]llows a person to have his or her juvenile criminal adjudication set aside under the same conditions currently placed on adult offenders." *See* Final Revised Fact Sheet for S.B. 1258, *available at https://www.azleg.gov/legtext/43leg/2r/summary/s.1258fr.jud.htm* (last visited April 22, 2020). This statement reflects a legislative intent to treat juvenile offenders similarly for purposes of set-aside procedures in Title 8 and Title 13, and it reinforces harmonizing the related statutes.

**¶27** Citing *City of Tucson v. Clear Channel Outdoor, Inc.*, 209 Ariz. at 552, ¶ 31, the majority argues that if an application to set aside a conviction filed under § 13-921(B)(1) is barred by § 13-905(K)(2), then subsection (B)(4) of § 13-921 would be rendered superfluous, a result we should strive to avoid. I agree with that sentiment. However, such a result is no less untenable than interpreting statutes in a manner that achieves an absurd result. *See Ariz. Health Care Cost Containment Sys. v. Bentley*, 187 Ariz. 229, 233 (App. 1996) ("Statutes must be given a sensible construction that accomplishes the legislative intent and which avoids absurd results." (citing *Collins v. State*, 166 Ariz. 409, 415 (App. 1990))).

**¶28** The majority also reasons that, if the legislature had intended to require § 13-905 to serve as a prerequisite to consideration of a motion made pursuant to § 13-921(B)(1), it would have done so explicitly. However, there simply was no reason for the legislature to do so. The majority's logic works against it because, had the legislature intended to exempt certain individuals with adult felony convictions from the restrictions of § 13-905, it could—and presumably would—have done so explicitly. The predecessor statute to § 13-905 was enacted long before § 13-921, and the legislature presumably was aware of that statute and could have excepted applications made pursuant to § 13-921 from its requirements with clear, unequivocal language. It did not, however, do so. In the absence of statutory language expressly compelling another result, we should not assume from legislative silence that our legislature intended such an absurd result. *See generally State v. Affordable Bail Bonds*, 198 Ariz. 34, 37-38, ¶¶ 13-14 (App. 2000).

¶29        The majority further argues that interpreting the statutes in a manner that treats juveniles who have been adjudicated delinquent more harshly than those who have been convicted of a felony in adult court "is the result of several logical distinctions," including that the effect of an adjudication on a juvenile may be less than the effect of a conviction on an adult. *See generally* A.R.S. § 8-207. While true, the effect of an adjudication on a juvenile may still be more than the effect of a *set-aside conviction* on an adult. *Compare* A.R.S. § 8-207(B) (providing exceptions to the non-use of a juvenile adjudication), *with* A.R.S. § 13-905(D) (providing exceptions to the setting aside of a conviction). Additionally, as the majority recognizes, a person's juvenile records are not necessarily protected from view by the public. *See* A.R.S. § 8-208. And although the majority is correct that A.R.S. § 8-349(A) provides an opportunity for a juvenile adjudicated delinquent to seek destruction of his or her records, that opportunity is limited to those who have "an adjudication for an offense other than an offense listed in section 13-501, subsection A or B or title 28, chapter 4." The offenses committed by Furlong fall within those excepted by A.R.S. § 13-501(B)(3). Further, even if the juvenile who has been adjudicated delinquent might be eligible for destruction of his or her records under subsection (D) or (E) of § 8-349, he or she would have to wait until at least the age of twenty-five and meet numerous other conditions before being eligible for such relief. *See* A.R.S. § 8-349(D)-(E).

¶30        Finally, subsection (C) of § 13-905 sets forth seven factors that a court "shall" consider in making a decision on a set-aside application. Section 13-921 contains no independent list of factors for a court to consider, even though the factors in § 13-905(C) are no less relevant for determining whether to set aside a juvenile defendant's conviction than they are for an adult defendant. Had the legislature meant for § 13-921 to operate entirely independently of § 13-905, it presumably would have included a separate list of factors for a court to consider in ruling on an application made under § 13-921(B)(1), rather than allowing the court to exercise its discretion without statutory guidance.[6] Accordingly, I conclude A.R.S. § 13-905(K)(4)

---

[6]        I also note § 13-921(B)(1) states the court "may" set aside a judgment if a juvenile defendant "successfully completes the terms and conditions of probation." Although Furlong presumes his record while on probation and subsequent discharge from probation indicates he successfully completed the terms and conditions of probation as required by subsection (B)(1), his record while on probation was less than perfect, and the superior court did not decide that question before issuing its order. Accordingly, that question remains unaddressed.

precludes Furlong from being eligible to have his judgment of guilt set aside or expunged pursuant to A.R.S. § 13-921(B)(1).



AMY M. WOOD • Clerk of the Court
FILED:  AA

13