NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

# IN THE
# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

ALFONSO E. TOVAR, *Appellant.*

No. 1 CA-CR 20-0175
FILED 4-6-2021

---

Appeal from the Superior Court in Maricopa County
No. CR1994-002255
The Honorable William R. Wingard, Judge *Pro Tempore*

**VACATED**

---

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Andrea L. Kever
*Counsel for Appellee*

Attorneys for Freedom Law Firm, Chandler
By Marc J. Victor
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge David D. Weinzweig delivered the decision of the Court, in which Presiding Judge David B. Gass and Judge Michael J. Brown joined.

---

**W E I N Z W E I G**, Judge:

¶1 Alfonso Tovar appeals the superior court's 2020 order vacating its 2016 order, which set aside Tovar's 1995 conviction for aggravated assault. For the following reasons, we vacate.

## FACTS AND PROCEDURAL BACKGROUND

¶2 In 1995, Tovar was convicted of aggravated assault (Class 3 felony and dangerous offense) and sentenced to a mitigated term of six years in prison. This court affirmed Tovar's conviction and sentence on direct appeal. *State v. Tovar*, 187 Ariz. 391 (App. 1996). Tovar was discharged from his sentence in 2001.

¶3 In 2012, Tovar filed his first application to set aside his conviction, restore his civil rights and restore his right to possess or own firearms. The superior court restored Tovar's civil rights but denied his request to set aside the conviction and restore his gun rights. In 2014, Tovar filed his second application to set aside his conviction and restore his gun rights, which the superior court again denied based on the nature of Tovar's aggravated assault offense. In April 2016, Tovar filed his third application to set aside the conviction. This time, however, the superior court granted his motion ("2016 Order"), "[s]etting aside the judgment of guilt, dismissing the accusations or information and releasing [Tovar] from all applicable penalties and disabilities resulting from the conviction." The State did not appeal the 2016 Order.

¶4 In July 2016 and February 2018, Tovar applied for the superior court to restore his "gun rights." Both applications were denied based on the nature of Tovar's offense.

¶5 In September 2018, Tovar again applied to "Restore Gun Rights," which the superior court again denied because the "underlying offense is dangerous." This time, however, the court added that "the interests of justice supports denial" because Tovar's conviction was erroneously set aside in the first place under A.R.S. § 13-907(E): "Any ruling

to the contrary was an inaccurate application of the law and may have been based upon a mistaken misrepresentation that Mr. Tovar's offense was 'non-dangerous,' as many of his applications have claimed."[1]

¶6         Tovar then filed a motion for clarification of the 2016 Order. Specifically, Tovar requested "a [c]lear and final determination on the Order Granting my Set Aside of Conviction in this first and only felony conviction from over a quarter century ago with facts of law, any requirements I have not met or need, to support your decision." Tovar also claimed his gun rights should be restored. In ruling on Tovar's motion for clarification, the superior court vacated the 2016 Order, and again declined to restore Tovar's gun rights.

¶7         Tovar appealed. We have jurisdiction under Article 6, Section 9 of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1), 13-4031 and 4033(A)(3).

## DISCUSSION

¶8         Tovar asks us to reverse the superior court's order vacating the 2016 Order. The State takes no position on appeal, other than to say that Tovar's requested relief would not, by itself, restore his right to possess a firearm. We vacate the order vacating the 2016 Order.

¶9         A superior court's grant or denial of a motion to set aside a conviction constitutes a final, appealable order. *See State v. Tyau*, 1 CA-CR 2020-0171, 2021 WL 821453 at *1, ¶ 4 (Ariz. App. Mar. 3, 2021) (noting appellate court's jurisdiction in an appeal from superior court's denial of motion to set aside conviction). "When a final judgment is involved one superior court judge has no jurisdiction to review or change the judgment of another superior court judge." *Lemons v. Superior Ct. of Gila Cnty.*, 141 Ariz. 502, 504 (1984). "When the trial court has jurisdiction over the subject matter and parties, the judgment, even if voidable and erroneous, can only be modified on appeal or by proper and timely post-judgment motion." *Chaparro v. Shinn*, 248 Ariz. 138, 142-43, ¶ 22 (2020) (cleaned up).

¶10         For these reasons, the superior court lacked the jurisdiction and authority to sua sponte vacate the 2016 Order. This relief, however, only allows Tovar to refile an application to restore his firearm rights. Our

---

[1]         Effective in 2020, the legislature renumbered § 13-907(E). *State v. Furlong*, 249 Ariz. 578, 579, ¶ 1 n.1 (App. 2020). That provision is currently found in A.R.S. § 13-905(K). *Id.*

decision today does not reach whether Tovar can ever have his right to posses a firearm restored.

## CONCLUSION

¶11　　　The order vacating the 2016 Order that set aside Tovar's conviction is vacated.



AMY M. WOOD • Clerk of the Court
FILED:　AA

4