NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellant*,

*v.*

HAM ZAR, *Appellee*.

No. 1 CA-CR 21-0025
FILED 2-1-2022

Appeal from the Superior Court in Maricopa County
No. CR2015-127227-001
The Honorable Justin Beresky, Judge

**AFFIRMED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Amanda M. Parker
*Counsel for Appellant*

Maricopa County Public Defender's Office, Phoenix
By Rena P. Glitsos
*Counsel for Appellee*

_____

**MEMORANDUM DECISION**

Presiding Judge Peter B. Swann delivered the decision of the court, in which Judge David D. Weinzweig and Judge Paul J. McMurdie joined.

_____

**S W A N N**, Judge:

¶1         The state appeals the superior court's order granting Ham Zar's motion to set aside the judgment of guilt and expunge his record under A.R.S. § –-921(B)(1).  The state argues the expungement provision in § 13-921(B)(1) applies solely to defendants who were placed on probation under subsection (A) at the time of sentencing.  The state acknowledges that we rejected this narrow interpretation of § 13-921 in *State v. Sanchez*, 209 Ariz. 66 (App. 2004), but contends the case was wrongly decided and should be reconsidered.  For the following reasons, we decline to do so and affirm.

**FACTS AND PROCEDURAL HISTORY**

¶2         In December 2016, Zar pled guilty to attempted kidnapping with the intent to commit a sexual offense, a class 3 felony.  Zar was seventeen years old when he committed the offense and had no prior felony convictions.  At sentencing, the superior court ordered that Zar serve four years of adult probation, register as a sex offender, and participate in the youthful sex offender program.  The court did not cite to § 13-921(A) in placing Zar on probation.

¶3         Zar participated in sex offender treatment and complied with the terms of his probation.  In August 2018, Zar moved for early termination of probation.  The superior court granted Zar's request and rescinded the order requiring him to register as a sex offender.  In September 2020, Zar moved to set aside the judgment of guilt and expunge his record under § 13-921(B)(1).  Over the state's objection, the court granted Zar's motion.  The state appealed.

**DISCUSSION**

¶4         We review the superior court's decision to set aside a judgment of guilt for an abuse of discretion, but we review questions of statutory interpretation de novo.  *See State v. Bernini*, 233 Ariz. 170, 172–73, ¶ 8 (App. 2013).  The doctrine of stare decisis demands that we adhere to

settled precedent unless the prior decision was "clearly erroneous or manifestly wrong." *White v. Bateman*, 89 Ariz. 110, 113 (1961). We will not depart from precedent absent special justification to do so, which requires "more than that a prior case was wrongly decided." *State v. Hickman*, 205 Ariz. 192, 200, ¶ 37 (2003). A prior decision involving statutory interpretation is afforded greater deference because, if we construe "the statute other than as the legislature intended, the legislature retains the power to correct us." *Galloway v. Vanderpool*, 205 Ariz. 252, 256, ¶ 17 (2003).

¶5        In *Sanchez*, we interpreted § 13-921(A) and (B)(1), which provide:

> A. The court may enter a judgment of guilt and place the defendant on probation pursuant to this section if all of the following apply:
>
> 1. The defendant is under eighteen years of age at the time the offense is committed.
>
> 2. The defendant is convicted of a felony offense.
>
> 3. The defendant is not sentenced to a term of imprisonment.
>
> 4. The defendant does not have a historical prior felony conviction.
>
> B. If the court places a defendant on probation pursuant to this section, all of the following apply:
>
> 1. Except [in situations not relevant here], if the defendant successfully completes the terms and conditions of probation, the court may set aside the judgment of guilt, dismiss the information or indictment, expunge the defendant's record and order the person to be released from all penalties and disabilities resulting from the conviction.

Although a qualifying defendant may be ordered to participate in services through the juvenile court, he is on adult probation. *See* A.R.S. § 13-921(C)–(D).

¶6        The defendant in *Sanchez* appealed the superior court's denial of his motion to set aside the judgment of guilt and expunge his record pursuant to § 13-921(B)(1). 209 Ariz. at 67, ¶ 1. The sole issue before us in *Sanchez* was whether the court must expressly invoke § 13-921(A) at the

time of sentencing to lawfully grant relief under subsection (B)(1). *Id.* at 68, ¶ 5. As here, the state argued that § 13-921(A) unambiguously creates a unique type of probation that the court must expressly invoke at sentencing for the expungement provision in subsection (B)(1) to apply. *Id.* at 69, ¶¶ 9–10. The defendant disagreed, arguing the plain language of § 13-921(A) and (B)(1) applied to any qualifying juvenile placed on adult probation. *Id.* at ¶ 8.

¶7            We concluded that a plain reading of the statute could support both interpretations and employed secondary methods of statutory construction. *Id.* at ¶¶ 10–11; *see also State v. Burbey*, 243 Ariz. 145, 147, ¶ 7 (2017). Considering the statute as a whole, we rejected the state's claim that § 13-921 either substantively or procedurally created a unique type of probation. *Id.* at ¶9. We noted that the state's emphasis on the language, "pursuant to this section," in § 13-921(B) as a limiting phrase was similarly misguided. *Id.* We reasoned that the phrase could refer to the qualifying factors of § 13-921(A), providing relief to any defendant who meets the criteria and has been placed on probation. *Id.* Nonetheless, we could not conclude, as the defendant suggested, that the language "pursuant to this section" in § 13-921(B) should be ignored as "redundant or inartful." *Id.* at 69–70, ¶ 11.

¶8            Finding nothing in the relevant legislative history, we noted that the state's interpretation of § 13-921 would lead to an illogical result. *Id.* at 70, ¶¶ 12–14. Without legislative history to suggest otherwise, we could find no persuasive reason why the legislature would ask the superior court to conduct two separate findings, once when probation is granted and again when it concludes. *Id.* at ¶ 14. We acknowledged, however, that the language of § 13-921 did not preclude such a result. *Id.*

¶9            Based on the statute's susceptibility to multiple interpretations, we concluded that the rule of lenity required that we resolve the ambiguity in favor of the defendant. *Id.* at ¶ 15; *see also State v. Pena*, 140 Ariz. 545, 549–50 (App. 1983) ("[W]here the statute itself is susceptible to more than one interpretation, the rule of lenity dictates that any doubt should be resolved in favor of the defendant."). We held that § 13-921 "need not be expressly invoked at the time of sentencing for a defendant who meets the criteria in subsection (A) of that statute to seek relief under subsection (B)." *Sanchez*, 209 Ariz. at 70, ¶ 15.

¶10          We find no reason to depart from the holding in *Sanchez*. We have already rejected the argument that § 13-921(A) and (B)(1) unambiguously carve out a unique type of probation thereby limiting

expungement eligibility, and the state has failed to provide special justification for abandoning that holding. *See Hickman*, 205 Ariz. at 200, ¶ 37. Moreover, the court's interpretation of § 13-921 in *Sanchez* has remained undisturbed by the legislature, entitling it to greater deference as settled precedent. *See Galloway*, 205 Ariz. at 256, ¶ 17.

**¶11** We are similarly unpersuaded by the state's claim that the discussion of § 13-921 in *State v. Furlong*, 249 Ariz. 578 (App. 2020), requires a departure from *Sanchez*. In *Furlong*, we held that the criteria in the general set aside statute, A.R.S. § 13-905, did not impact a juvenile defendant's eligibility for relief under § 13-921(B)(1). *Id.* at 581, ¶¶ 12–16. In analyzing the interplay between the statutes, we described § 13-921 as applying to defendants on "dual adult-juvenile probation." *Id.* at ¶ 13. This brief reference to the statutory title of § 13-921 does not, as the state suggests, demonstrate our recognition of the statute as creating a unique type of probation. More importantly, our holding in *Furlong* supports a broad application of the relief provided by § 13-921(B)(1) for qualifying defendants. *Id.* at ¶¶ 12–16.

**¶12** The state further contends that the language in A.R.S. § 13-501(F) conflicts with our findings in *Sanchez*. Under A.R.S. § 13-501(F), juveniles convicted as adults must be sentenced "in the same manner as an adult" for any conviction, "[e]xcept as provided in § 13-921." The state claims that the exception to § 13-501(F) shows the legislature's intent for § 13-921 to create a unique type of probation "with unique benefits to those defendants who successfully complete it." We disagree. The plain language of § 13-501(F) merely recognizes the superior court's ability under § 13-921 to place a juvenile on adult probation if the qualifying factors of subsection (A) apply. *See Burbey*, 243 Ariz. at 147, ¶ 7 ("When the text is clear and unambiguous, we apply the plain meaning and our inquiry ends."). The exception in § 13-501(F) cannot be read to limit the scope of the expungement provision in § 13-921(B)(1).

**¶13** We find no basis to abandon settled precedent. Because the qualifying factors listed in § 13-921(A) applied to Zar, the superior court lawfully granted his motion to set aside the judgment of guilt and expunge his record under subsection (B)(1).

## CONCLUSION

¶14        For the foregoing reasons, we affirm.



AMY M. WOOD • Clerk of the Court
FILED:    AA